IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY W. KIRK,

    Plaintiff,                    No. 2:11-cv-0323 WBS EFB P

vs.

HEINRICH, et al.,                <u>ORDER SETTING<br>SETTLEMENT CONFERENCE</u>

    Defendants.
_____/

        Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. The court has determined that this case would benefit from a settlement conference.[1] A settlement conference will be conducted at the U. S. District Court, 501 I Street, Sacramento, California 95814 on February 28, 2013 at 10:00 a.m. in Courtroom #8, before the undersigned.

        The parties will be required to file a signed Waiver of Disqualification (included below), or notice of non-waiver of disqualification, no later than February 4, 2013. If the parties file a notice of non-waiver of disqualification, a randomly selected Magistrate Judge will be assigned to conduct the settlement conference on a date and time to be determined by the court.

---

[1] Plaintiff initially failed to comply with the court's order to submit a confidential settlement statement. After the court ordered plaintiff to show cause why this action should not be dismissed for failure to prosecute, he filed a response and a confidential settlement statement. Accordingly, the order to show cause is discharged.

1

In accordance with the above, IT IS HEREBY ORDERED that:

1.  This case is set for a settlement conference before the undersigned on February 28, 2013, at 10:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #8.

2.  The parties are required to file a signed Waiver of Disqualification, or notice of non-waiver of disqualification, no later than February 4, 2013.

3.  Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[2]

4.  Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to participate in the settlement conference may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

5.  Each party shall submit confidential settlement conference statements to chambers seven (7) days prior to the settlement conference. Statements may be mailed to Sujean Park, ADR & Pro Bono Program, 501 I Street, Suite 4-200, Sacramento, CA 95814 or e-mailed to efborders@caed.uscourts.gov. Such statements are neither to be filed with the clerk nor served

---

[2] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences . . . ." *United States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval in Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part*, *Pitman v. Brinker Int'l, Inc.*, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).

on opposing counsel. However, each party shall e-file a one page document entitled Notice of Submission of Confidential Settlement Conference Statement (See L.R. 270(d)). Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon. The parties may agree, or not, to serve each other with the settlement statements. Each party is reminded of the requirement that it be represented in person at the settlement conference by a person able to dispose of the case or fully authorized to settle the matter at the settlement conference on any terms. See Local Rule 270. The confidential settlement statement shall be **no longer than five pages** in length and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. A summary of the proceedings to date.

    d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e. The relief sought.

    f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g. A brief statement of each party's expectations and goals for the settlement conference.

6. The January 4, 2013 order to show cause is discharged.

DATED: January 24, 2013.

                                        EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY W. KIRK,

      Plaintiff,                    No. 2:11-cv-0323 WBS EFB P

    vs.

HEINRICH, et al.,

      Defendants.               WAIVER OF DISQUALIFICATION

        Under Local Rule 270(b) of the Eastern District of California, the parties to the herein action affirmatively request that Magistrate Judge Brennan preside over the settlement conference scheduled for February 28, 2013.  To the extent the parties consent to trial of the case before the assigned Magistrate Judge, they waive any claim of disqualification to the assigned Magistrate Judge trying the case thereafter.

                            By: _____
                                   Plaintiff

                            Dated:_____

                            By: _____
                                   Attorney for Defendant

                            Dated:_____