UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY W. KIRK,<br><br>            Plaintiff,<br><br>      v.<br><br>HEINRICH,<br><br>            Defendant. | No. 2:11-cv-323-WBS-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On August 23, 2013 the court ordered plaintiff to file a pretrial statement on or before November 7, 2013.  ECF No. 75.  That order warned plaintiff that his failure to file a pretrial statement could result in the imposition of sanctions, including dismissal of this action.  *Id.*  The deadline passed, and plaintiff failed to comply with or otherwise respond to the court's order.  Accordingly, on November 14, 2013, the undersigned issued findings and recommendations recommending that this action be dismissed.

Thereafter, plaintiff requested an extension of time to file his pretrial statement.  Plaintiff has had ample time – over three months – to prepare his pretrial statement.  Plaintiff requests more time, but does not explain what efforts, if any, he has made in the past three months toward

preparing his pretrial statement. The court will, however, grant plaintiff the requested extension of time. Absent a specific showing of good cause, no further extensions will be granted. Plaintiff's pretrial statement must be filed no later than December 27, 2013.

Plaintiff also requests the appointment of counsel and suggests he cannot prepare a pretrial statement on his own. The court previously appointed counsel to represent plaintiff, but that attorney withdrew, asserting that plaintiff had threatened to "terminate" her if she did not initiate another lawsuit on plaintiff's behalf. *See* ECF Nos. 66, 69. As plaintiff is aware, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances at this time that warrant appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for an extension of time (ECF No. 80) is granted to the extent that the November 14, 2013 findings and recommendations are held in abeyance, and plaintiff has until December 27, 2013, to file a pretrial statement. Should plaintiff fail to timely comply, those findings and recommendations will be submitted to the district judge for consideration. IT IS FURTHER ORDERED that plaintiff's request for the appointment of counsel (ECF No. 79) is denied.

Dated: December 4, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE